IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JACOB WILLIAM GENTRY-CAPE PLAINTIFF

v. Civil No. 3:26-cv-03028-CDC

ROBERT KIRTCHER; JEREMY PHILLIPS; and STEPHANIE KECK DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Jacob William Gentry-Cape, filed this action alleging civil rights violations under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, the case will automatically be reassigned to a United States District Judge and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). For the reasons given below, the undersigned recommends that this case be DISMISSED WITHOUT PREJUDICE.

On May 22, 2026, the Court received a complaint from Plaintiff Jacob William Gentry-Cape, brought against Defendants Robert Kirtcher, Jeremy Phillips, and Stephanie Keck, regarding events that he alleges occurred at Boone County Detention Center, where he is incarcerated. That complaint was filed, and a case was opened for it in Civil Case No. 3:26-cv-03026. Then, on May 27, 2026, the Court received a second complaint brought by the same Plaintiff against the same Defendants, regarding the same events. That complaint was also filed, and a new case was opened for it: the instant case, Civil Case No. 3:26-cv-03028. However, the order provisionally filing the latter complaint directed Plaintiff to file a notice, no later than June 18, 2026, clarifying whether

he intended for this new matter to be opened or whether he simply intended for the latter complaint to be an amendment or supplement to the former complaint in the original case. *See* ECF No. 4. After receiving no response to that order, the Court entered a Show Cause Order, giving Plaintiff a deadline of July 17, 2026, to show cause why he failed to respond. *See* ECF No. 7. Eventually, Plaintiff submitted a notice explaining that "[t]hese are the same case[.] I just got two forms one from Fayetteville one from Fort Smith so I filled them out the same." *See* ECF No. 8. It is clear from Plaintiff's response that he only intended to file one lawsuit, but was unsure which form he should use and so erred on the side of caution by submitting them both, separately.

Keeping both matters open would simply result in a waste of everyone's resources. Plaintiff would have to pay filing fees for two cases instead of one; and all parties (as well as the Court) would have to make duplicative filings in both cases throughout their pendency. Closing and terminating Case No. 3:26-cv-3028 need not have any impact on Plaintiff's ability to prosecute his claims in Case No. 3:26-cv-3026. Accordingly, the undersigned recommends that Plaintiff's notice filed at ECF No. 8 be construed as a Motion to Voluntarily Dismiss his Complaint in Case No. 3:26-cv-3028, without prejudice to his right to continue prosecuting his claims in Case No. 3:26-cv-3026, that this Motion be GRANTED, and that the Complaint in Case No. 3:26-cv-3028 be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **4th day of August 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE